ENTERED DEC 1 1 2014

STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, SS.                                     CRIMINAL ACTION
                                                  Docket No. CR-14-501
                                                  DHM-KEN-12-04-14
STATE OF MAINE

v.                              **ORDER**

JASON K. BROWN,

            Defendant

Before the court is Defendant's motion for written findings of fact and conclusions of law pursuant to M.R. Crim. P. 41A(d). The court made findings of fact on the record in open court. In granting the motion, the court provides these conclusions.

On August 24, 2013, the Defendant had been found in a ditch in obvious chemical or alcohol distress and was taken to the Maine General Medical Center. Sometime earlier that day there had been a structure fire. The police officer went to see the Defendant in the hospital on August 27, three days later.

The stated purpose of the visit was to check on the welfare of the defendant given his condition when found in the ditch. The officer went to the ICU and spoke with the nurse who gave him permission to talk to the patient. The nurse accompanied the officer into the room where the Defendant was sleeping. The nurse woke the Defendant and left the room. The officer asked the Defendant if he

was OK and if he would talk to him. The Defendant responded that he was OK. That started a conversational interchange eighteen minutes in length which was recorded on a DVD. The court listened to the DVD in its entirety.

The officer was in casual clothing, not in uniform; he had a firearm, not displayed, a badge, and a cell phone. He did not have handcuffs, which he made know to the defendant. The Defendant asked the officer why he was there. The officer indicated that it was a welfare check and he wanted to talk about "Saturday night." After again inquiring about the condition of the Defendant, the officer told him he was not under arrest. The Defendant agreed to talk to the officer.

The Defendant was very cooperative. He was not in distress. Once the officer determined the patient was feeling OK, the officer said, "No matter what, I'm leaving," meaning there would be no arrest. The officer then indicated to Mr. Brown that he thought that Mr. Brown knew what he was going to be talking about and he asked about "early Saturday morning." The Defendant said he was sleeping in the cemetery having consumed 20 150 mg. welbutren pills and beer. He was angry because someone had been causing him trouble and spreading rumors, identifying "Pinky", aka James McKenna. The officer advised the Defendant to be honest with him and the Defendant indicated that he was "pretty mad" and "pretty well gone." He said he "got all f---ed up" and "lit the fire." The officer asked if he used a lighter, if he was angry and what were the circumstances. The Defendant

2

indicated that he did not remember. He was asked if used gas, the Defendant answered "no." The Defendant advised that he had been drinking with another individual and while in the cemetery was taking pills and drinking beer. Defendant indicated his last memory was at the cemetery. The officer then made the statement, "You started the fire, agreed?" The officer then said, "You know as well as I do that you started the fire." Mr. Brown did not respond to either comment.

The officer indicated he was going to leave and he asked the Defendant for his cell number and where he would be after leaving the hospital. The officer gave the Defendant his card and suggested he should be honest about the circumstances. The officer then stated, "Give me a call, we can work it out. Get yourself some help." He added, "Hope you get better soon." The officer testified on cross-examination that the Defendant did, in fact, call him later.

The defendant first argues that the solicitous attitude by the officer was improper and made reference to the "Reed Technique" although he did not provide any cite for such a reference.

It is defendant's assertion that he was, in fact, in custody by virtue of his presence in the ICU of the hospital. The Defendant made reference to previous decisions regarding interviews of Defendants in a hospital setting. He argued there was not a familiarity by the Defendant of his location, he had just been waken from

3

sleep by the nurse and he was "incapacitated." The officer explained the nature of the interview and the assurance he received from the nurse that Brown was not under an influence or in distress.

The mere fact that a suspect cannot leave the hospital as a result of injury or illness does not place that person in law enforcement custody for purposes of Miranda. *State v. Grant*, 2008 ME 14, 939 A.2d 93. However, in *Grant,* the defendant was interrogated at the hospital following surgery for injuries sustained at the scene of a truck accident, was forcibly restrained, handcuffed and in the presence of multiple officers.

A statement to a law enforcement officer may be voluntarily made even if the Defendant is injured, medicated, or in distress. *State v. Lowe*, 2013 ME 92, 81 A.3d 360. However, in that instance, the officer was aggressive and insistent, had excluded the 18 year old defendant's mother from the hospital room and told the defendant his friends had died in the accident.

The conditions in the instant case are dissimilar. While the Defendant was in a hospital setting unfamiliar to him, engaged in a contact initiated by a police officer and certainly was the focus of an investigation, there was no degree of restraint placed upon him by the officer. Where the defendant was somewhat immobilized by medical treatment, rather than police action, he agreed to be interviewed. See *Lowe,* at 17. The duration and character of the interrogation was

4

entirely business-like. A single law enforcement officer was present who made it clear that he was not making an arrest and had no handcuffs.

There was nothing under any of the circumstances presented to suggest that the Defendant believed he was in custody. Furthermore, the nature of the interplay between the officer and the Defendant made it obvious that his statements to the officer were completely voluntary. Even though the Defendant was injured and medicated, his statements were, beyond a reasonable doubt, made in the exercise of his own free will and rational intellect. *Lowe*, 2013 ME 92, 81 A.3d 360. The attending nurse in the ICU gave permission to the officer to speak to the Defendant, and, indeed, woke him from a sleeping condition for that purpose.

It is the court's conclusion that there is no evidence that the Defendant was in custody and is satisfied by a preponderance of the evidence that his statements were voluntary.

The entry will be:

Defendant's motion for findings of fact and conclusions of law is GRANTED, the defendants' motion to suppress is DENIED.

DATED: 12-9-14

Donald H. Marden
Superior Court Justice

5

STATE OF MAINE                                           SUPERIOR COURT
    vs                                                   KENNEBEC, ss.
JASON K BROWN                                            Docket No   AUGSC-CR-2014-00501
1    CLELLAN STREET
S......HEGAN ME 04976                                    **DOCKET RECORD**

DOB: 07/12/1984
Attorney: THOMAS CAREY                    State's Attorney: MAEGHAN MALONEY
          THOMAS J CAREY ESQ
          PO BOX 125
          VIENNA ME 04360-0125
          WITHDRAWN 07/10/2014
Attorney: ADAM SHERMAN
          PARADIE SHERMAN WALKER & WORDEN
          11 LISBON ST SUITE 202
          LEWISTON ME 04240
          APPOINTED 07/10/2014

Filing Document: INDICTMENT                 Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 05/16/2014

## Charge(s)

**1   CRIMINAL ATTEMPT**                              **08/24/2013 AUGUSTA**
**Seq 8374   17-A  152(1)(A)**          **Class A**
   **TAYLOR              / AUG**


**2   ARSON**                                         **08/24/2013 AUGUSTA**
**Seq 776   17-A  802(1)(A)**           **Class A**
   **TAYLOR              / AUG**


**3   ARSON**                                         **08/24/2013 AUGUSTA**
**Seq 4539   17-A  802(1)(B)(2)**       **Class A**
   **TAYLOR              / AUG**


**4   AGGRAVATED CRIMINAL MISCHIEF**                  **08/24/2013 AUGUSTA**
**Seq 779   17-A  805(1)(A)**           **Class C**
   **TAYLOR              / AUG**


## Docket Events:

05/16/2014 FILING DOCUMENT -  INDICTMENT FILED ON 05/16/2014

          TRANSFER -  BAIL AND PLEADING GRANTED ON 05/16/2014

          TRANSFER -  BAIL AND PLEADING REQUESTED ON 05/16/2014

05/16/2014 BAIL BOND - $50,000.00 CASH BAIL BOND SET BY COURT ON 05/16/2014
          DANIEL  BILLINGS , JUDGE
          CASH BAIL, NO USE OR POSSESSION OF INTOXICANTS, SUBMIT TO SEARCH AND TESTING AT ANY TIME
          WITHOUT PROBABLE CAUSE, NO USE OR POSSESSION OF INCINIERY DEVICES, SUBMIT TO SEARCH AT ANY
          TIME
05/16/2014 Charge(s): 1,2,3,4
          WARRANT - $50,000.00 ON COMP/INDICTMENT ORDERED ON 05/16/2014
          DANIEL  BILLINGS , JUDGE

CASH BAIL, NO USE OR POSSESSION OF INTOXICANTS, SUBMIT TO SEARCH AND TESTING AT ANY TIME
WITHOUT PROBABLE CAUSE, NO USE OR POSSESSION OF INCINDIERY DEVICES, SUBMIT TO SEARCH AT
ANY TIME

05/16/2014 Charge(s): 1,2,3,4
WARRANT - $50,000.00 ON COMP/INDICTMENT ISSUED ON 05/16/2014


CASH BAIL, NO USE OR POSSESSION OF INTOXICANTS, SUBMIT TO SEARCH AND TESTING AT ANY TIME
WITHOUT PROBABLE CAUSE, NO USE OR POSSESSION OF INCINDIERY DEVICES, SUBMIT TO SEARCH AT
ANY TIME

05/16/2014 Charge(s): 1,2,3,4
WARRANT - ON COMP/INDICTMENT MODIFY ACKNOWLEDGED ON 05/16/2014 at 04:13 p.m.


05/17/2014 Charge(s): 1,2,3,4
WARRANT - ON COMP/INDICTMENT EXECUTED BY AGENCY ON 05/17/2014 at 06:06 p.m.


05/20/2014 Charge(s): 1,2,3,4
PLEA - NO ANSWER ENTERED BY DEFENDANT ON 05/19/2014


05/20/2014 BAIL BOND - $50,000.00 CASH BAIL BOND SET BY COURT ON 05/19/2014
ROBERT E MULLEN , JUDGE
NO USE/POSS OF ALCHILIC BEV OR ILLEGAL DRUGS OR DANGEROUS WEAPONS. TO BE SEARCHED AND
TESTED AT ANY TIME. NO CONTACT W/JAMES MCKENNA, TERRY MARTON, STEPHEN GASS, CARMELA
BECHARD AND NORMAN BECHARD...UN USE/POSS OF INCENDIRY DEVIES..MAY BE REVIEWED.

05/20/2014 Charge(s): 1,2,3,4
HEARING - STATUS CONFERENCE SCHEDULED FOR 07/29/2014 at 10:00 a.m.


( 1/2014 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 05/20/2014


06/05/2014 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 05/21/2014
M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL

06/05/2014 Party(s): JASON K BROWN
ATTORNEY - APPOINTED ORDERED ON 05/21/2014


Attorney: STEPHEN BOURGET

06/05/2014 Charge(s): 1,2,3,4
HEARING - STATUS CONFERENCE NOTICE SENT ON 07/10/2014


06/12/2014 LETTER - FROM PARTY FILED ON 06/12/2014


LETTER FROM DEFENDANT REQUESTING TO FIRE ATTORNEY                      COPY SENT TO
DEFENSE ATTORNEY

06/17/2014 MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 06/17/2014


06/17/2014 MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 06/17/2014
DANIEL BILLINGS , JUDGE
COPY TO PARTIES/COUNSEL

06/17/2014 Party(s): JASON K BROWN
ATTORNEY - WITHDRAWN ORDERED ON 06/17/2014


Attorney: STEPHEN BOURGET

06/17/2014 Party(s): JASON K BROWN
ATTORNEY - APPOINTED ORDERED ON 06/17/2014

Attorney:  THOMAS CAREY
07/03/2014 Charge(s): 1,2,3,4
       MOTION -  MOTION FOR WITHDRAWAL OF CNSL FILED BY DEFENDANT ON 07/03/2014


07/10/2014 Charge(s): 1,2,3,4
       MOTION -  MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 07/10/2014
       M MICHAELA MURPHY , JUSTICE
       COPY TO PARTIES/COUNSEL
07/10/2014 Party(s):  JASON K BROWN
       ATTORNEY -  WITHDRAWN ORDERED ON 07/10/2014


       Attorney:  THOMAS CAREY
07/10/2014 Party(s):  JASON K BROWN
       ATTORNEY -  APPOINTED ORDERED ON 07/10/2014


       Attorney:  ADAM SHERMAN
07/29/2014 Charge(s): 1,2,3,4
       HEARING -  STATUS CONFERENCE HELD ON 07/29/2014
       DONALD H MARDEN , JUSTICE
07/29/2014 TRIAL -  DOCKET CALL SCHEDULED FOR 09/03/2014 at 02:15 p.m.


07/29/2014 MOTION -  MOTION FOR DISCOVERY FILED BY DEFENDANT ON 07/29/2014


08/11/2014 HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 09/03/2014 at 02:15 p.m.


       NOTICE  TO PARTIES/COUNSEL
08/19/2014 MOTION -  MOTION TO DISMISS FILED BY DEFENDANT ON 08/19/2014


       COUNTS 2 & 3
08/19/2014 MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 08/19/2014


08/21/2014 LETTER -  REQUEST FOR PROTECTION FILED ON 08/21/2014


09/16/2014 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 09/29/2014 at 09:30 a.m.


       NOTICE  TO PARTIES/COUNSEL
09/16/2014 HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 09/16/2014


09/26/2014 Charge(s): 1,2,3,4
       MOTION -  MOTION TO CONTINUE FILED BY STATE ON 09/26/2014


09/29/2014 Charge(s): 1,2,3,4
       MOTION -  MOTION TO CONTINUE GRANTED ON 09/16/2014
       ROBERT E MULLEN , JUSTICE
       COPY TO PARTIES/COUNSEL
09/29/2014 HEARING -  MOTION TO SUPPRESS CONTINUED ON 09/29/2014
       ROBERT E MULLEN , JUSTICE
09/29/2014 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 11/04/2014 at 08:30 a.m.


       NOTICE  TO PARTIES/COUNSEL
09/29/2014 HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 09/29/2014

1/2014 HEARING - MOTION TO SUPPRESS HELD ON 11/04/2014 at 10:00 a.m.
        DONALD H MARDEN , JUSTICE
        Attorney: ADAM SHERMAN
        DA: KRISTIN MURRAY JAMES
        Defendant Present in Court

        TAPE 1964 INDEX 3277-7050 AND TAPE 1965 INDEX 50-876
11/04/2014 MOTION - MOTION TO SUPPRESS DENIED ON 11/04/2014
        DONALD H MARDEN , JUSTICE
        COPY TO PARTIES/COUNSEL
11/04/2014 HEARING - MOTION FOR DISCOVERY CONTINUED ON 09/29/2014

11/04/2014 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 11/04/2014

        NOTICE TO PARTIES/COUNSEL
11/04/2014 HEARING - MOTION FOR DISCOVERY HELD ON 11/04/2014
        DONALD H MARDEN , JUSTICE
        Attorney: ADAM SHERMAN
        DA: KRISTIN MURRAY JAMES
        Defendant Present in Court

        TAPE 1964 INDEX 3277-7050 AND TAPE 1965 INDEX 50-876
11/04/2014 MOTION - MOTION FOR DISCOVERY GRANTED ON 11/04/2014
        DONALD H MARDEN , JUSTICE
        COPY TO PARTIES/COUNSEL                                          WITHOUT
        OBJECTION
  4/2014 TRIAL - DOCKET CALL SCHEDULED FOR 12/02/2014 at 02:30 p.m.

11/06/2014 TRIAL - DOCKET CALL HELD ON 09/03/2014

11/13/2014 LETTER - FROM PARTY FILED ON 11/12/2014

        LETTER FILED BY DEF ASKING FOR ATTY SHERMAN TO WITHDRAW. COPY OF LETTER   MAILED TO ATTY
        SHERMAN ON 11/13/14.
11/14/2014 MOTION - OTHER MOTION FILED BY DEFENDANT ON 11/14/2014

        MOTION FOR WRITTEN FINDINGS AND CONCLUSION PURSUANT TO M.R.CRIM.P 41A (D)
11/24/2014 LETTER - REQUEST FOR PROTECTION FILED ON 11/24/2014

12/01/2014 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 12/01/2014

12/07/2014 MOTION - MOTION TO CONTINUE GRANTED ON 12/01/2014
        DANIEL I BILLINGS , JUSTICE
        COPY TO PARTIES/COUNSEL
12/07/2014 TRIAL - DOCKET CALL CONTINUED ON 12/02/2014

12/07/2014 Charge(s): 1,2,3,4
        TRIAL - DOCKET CALL SCHEDULED FOR 01/06/2015

12/07/2014 MOTION - OTHER MOTION GRANTED ON 12/04/2014
        DONALD H MARDEN , JUSTICE
        MOTION FOR WRITTEN FINDINGS AND CONCLUSION PURSUANT TO M.R.CRIM.P 41A (D)
  7/2014 ORDER - COURT ORDER FILED ON 12/04/2014

DONALD H MARDEN , JUSTICE

ORDER ON MOTION TO SUPPRESS: IT IS THE COURT'S CONCLUSION THAT THERE IS NO EVIDENCE THAT THE DEFENDANT WAS IN CUSTODY AND IS SATISFIED BY A PREPONDERANCE OF THE EVIDENCE THAT HIS STATEMENTS WERE VOLUNTARY.

A TRUE COPY
ATTEST: _____
Clerk